## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                 No. CR 09-1336 JB

LUIS OMAR RODRIGUEZ-GONZALEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum for Defendant Luis Omar Rodriguez-Gonzalez, filed October 23, 2009 (Doc. 26)("Sentencing Memorandum"). The Court held a hearing on November 3, 2009. The primary issue is whether the Court should vary from the advisory sentencing guideline range of 33 months to 41 months. After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a variance is appropriate. The Court will thus sentence Rodriguez-Gonzalez to 21 months incarceration.

## FACTUAL BACKGROUND

Rodriguez-Gonzalez was deported in 1999 following a conviction for residential burglary. See Presentence Investigation Report ¶¶ 4, 21, at 2, 4 (disclosed July 10, 2009)("PSR"). Rodriguez-Gonzalez admits that he re-entered the United States after having been deported. See PSR ¶ 9, at 3. Rodriguez-Gonzalez has been deported only one time. See PSR ¶ 21, at 4. There are pending state charges against Rodriguez-Gonzalez for: (I) shooting from/into a vehicle; (ii) shooting at a dwelling or occupied building; and (iii) negligent use of a deadly weapon. See PSR ¶ 23, at 5. These charges have been pending for two years. See PSR ¶ 23, at 5.

## PROCEDURAL BACKGROUND

On May 19, 2009, Rodriguez-Gonzalez pled guilty pursuant to a formal plea agreement, authorized under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a one-count Information/Indictment that charged him with re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). See Non-Standard Fast Track Plea Agreement, filed May 19, 2009 (Doc. 16). After Rodriguez-Gonzalez pled guilty, the United States Probation Office ("USPO") prepared a PSR. As the PSR reports, the total suggested offense level, as calculated pursuant to the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2L1.2 and the rule 11(c)(1)(C) plea agreement, is level 20. See PSR ¶ 19, at 4.

The USPO calculated Rodriguez-Gonzalez' criminal history score as 0, which results in a criminal history category of I. See PSR Part D, Sentencing Opinions at 7. Pursuant to the USPO's calculations of Rodriguez-Gonzalez' offense level of 20 and criminal history of I, as reported in the PSR, the recommended guideline sentencing range is 33 to 41 months. See PSR Part D, Sentencing Opinions at 7. The USPO stated under Part E of the PSR, labeled factors that may warrant departure: "In assessing the defendant's criminal and social history, the probation office has identified no departure issues. The defendant does not appear to have any circumstances that would take him away from the heartland of cases of similarly situated defendants." PSR ¶ 40, at 8.

Rodriguez-Gonzalez has submitted a sentencing memorandum, asking the Court to take into consideration the information contained therein at the time of his sentencing. See Sentencing Memorandum (Doc. 26). Rodriguez-Gonzalez contends that, contrary to the USPO's conclusion, there are factors that take him outside of the heartland of cases, and that the Court should consider each of them individually and as a whole when determining a reasonable sentence. See Sentencing Memorandum at 2. Rodriguez-Gonzalez seeks a variance below the computed sentence guideline

range pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005).  See Sentencing Memorandum at 2.

## LAW REGARDING SENTENCING

Section 3553(a) of Title 18 of the United States Code states that a "court shall impose a sentence sufficient, but not greater than necessary," to comply with the need for the sentence imposed to: (I) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (ii) afford adequate deterrence to criminal conduct; (iii) protect the public from further crimes of the defendant; and (iv) provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective matter. 18 U.S.C. § 3553(a).  In making this determination, a court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available and the established sentencing range, any pertinent policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. See id. § 3553(a)(1)-(6).  A district court's task is to impose at a sentence that reflects the factors in 18 U.S.C. § 3553(a), not to necessarily arrive at a reasonable sentence.  See United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted).

## ANALYSIS

The Court has carefully considered the guidelines and other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the factors

set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines is not appropriate for this offense.   The Court has considered the kinds of sentences and ranges the guidelines establish, and the Court believes that the advisory guideline sentence is too high in this case.   The Court believes that some adjustment is necessary because of several factors.

The Court believes that the circumstances surrounding the residential burglary are muddled. Rodriguez-Gonzalez contends that his conviction of residential burglary resulted from his guilty plea to the charges without fully understanding the nature of his plea.  See Sentencing Memorandum at 5-6.  He contends that he bought rims for his vehicle, assuming that they were stolen.  See Transcript of Hearing at 6:22-25 (taken September 9, 2010)(Lopez)("Tr.").[1]   An investigation of the stolen rims led to Rodriguez-Gonzalez.  See id. at 7:1 (Lopez).   Rodriguez-Gonzalez maintains that the police told him to sign a piece of paper, which set forth a confession to residential burglary, rather than mere receipt of stolen goods, which apparently came from a residential burglary.  See id. at 7:1-4 (Lopez).   Rodriguez-Gonzalez states that he signed the piece of paper without reading it and denies any involvement in residential burglary.  See id. at 7:4-7 (Lopez).   While the guidelines are properly calculated, the Court believes that the circumstances surrounding the residential burglary conviction warrant a variance from the advisory guideline sentence.   Similarly, the circumstances of the shooting -- while serious -- are also less serious than they first appeared, as Rodriguez-Gonzalez states that he shot in the air, and not towards a house or person.  See id. at 9:17-10:11 (Lopez).   Rodriguez-Gonzalez reports that he shot the firearm because a dispute had developed regarding someone breaking into his house.  See id. at 9:17-10:11 (Lopez).

The Court also believes that some adjustment is necessary because, before he was deported,

---

[1]The Court's citations to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Rodriguez-Gonzalez had been living in the United States since he was ten years old, and he re-entered the United States to take care of his mother after learning that she had cervical cancer.  For these reasons, and reasons stated on the record, the Court will grant Rodriguez-Gonzalez' request for a variance.

The Court concludes that a sentence in the nature of a 16 offense level, rather than a 21 offense level, is more appropriate.  Because of the circumstances of the burglary conviction, the Court concludes that an enhancement of 16 levels for the conviction is too much, and an enhancement of 12 levels is more appropriate.  The circumstances of the receipt of stolen items warrant some enhancement, but not an enhancement of 16 levels.  An offense level of 16 and a criminal history category of I establish a sentencing guideline range of 21 to 27 months.  The Court finds that a sentence of 21 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.  The sentence also protects the public and otherwise fully reflects each of the factors set forth in 18 U.S.C. § 3553(a).  The Court finds that a sentence of 21 months is sufficient, without being greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act.  See United States v. Conlan, 500 F.3d at 1169 ("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted).

**IT IS ORDERED** that Defendant Luis Omar Rodriguez-Gonzalez' request in his Sentencing Memorandum (Doc. 26) that the Court grant a downward variance from the advisory guideline sentence is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Floyd W. Lopez
Albuquerque, New Mexico

       *Attorney for the Defendant*