AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Luis Omar Rodriguez-Gonzalez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR01336-001JB** |
| | USM Number: **48308-051** |
| | Defense Attorney: **Floyd Lopez, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1)/(2) | Reentry of a Removed Alien, 8 U.S.C. Sec. 1326(b)(2) | 03/08/2009 | |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

|  | **September 9, 2010** |
|---|---|
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning** |
| | **United States District Judge** |
| | Name and Title of Judge |
| | |
| | **October 18, 2010** |
| | Date Signed |

Defendant: **Luis Omar Rodriguez-Gonzalez**
Case Number: **1:09CR01336-001JB**

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **21 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**The Court incorporates its Memorandum Opinion and Order in United States v. Rodriguez-Gonzalez, CR 09-1336 (D.N.M.), filed September 22, 2010 (Doc. 44). Rodriguez-Gonzalez` offense level is 20 and his criminal history category is I, establishing a guideline range of 33 to 41 months. The Court has carefully considered the guidelines and other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the punishment set forth in the guidelines is not appropriate for this offense. The Court has considered the kinds of sentences and ranges the guidelines establish, and the Court believes that the advisory guideline sentence is too high in this case. The Court believes that some adjustment is necessary because of several factors.**

**The Court believes that the circumstances surrounding the residential burglary are muddled. Rodriguez-Gonzalez contends that his conviction of residential burglary resulted from his guilty plea to the charges without fully understanding the nature of his plea. See Sentencing Memorandum for Defendant Luis Omar Rodriguez-Gonzalez at 5-6, filed October 23, 2009 (Doc. 26). He contends that he bought rims for his vehicle, assuming that they were stolen. See Transcript of Hearing at 6:22-25 (taken September 9, 2010)(Lopez)("Tr.")(the Court`s citations to the transcript refer to the court reporter`s original, unedited version; any final transcript may contain slightly different page and/or line numbers). An investigation of the stolen rims led to Rodriguez-Gonzalez. See id. at 7:1 (Lopez). Rodriguez-Gonzalez maintains that the police told him to sign a piece of paper, which set forth a confession to residential burglary, rather than mere receipt of stolen goods, which apparently came from a residential burglary. See Tr. at 7:1-4 (Lopez). Rodriguez-Gonzalez states that he signed the piece of paper without reading it and denies any involvement in residential burglary. See Tr. at 7:4-7 (Lopez). While the guidelines are properly calculated, the Court believes that the circumstances surrounding the residential burglary conviction warrant a variance from the advisory guideline sentence. Similarly, the circumstances of the shooting -- while serious -- are also less serious than they first appeared, as Rodriguez-Gonzalez states that he shot in the air, and not towards a house or person. See id. at 9:17-10:11 (Lopez). Rodriguez-Gonzalez reports that he shot the firearm because a dispute had developed regarding someone breaking into his house. See id. at 9:17-10:11 (Lopez).**

**The Court also believes that some adjustment is necessary because, before he was deported, Rodriguez-Gonzalez had been living in the United States since he was ten years old, and he re-entered the United States to take care of his mother after learning that she had cervical cancer. For these reasons, and reasons stated on the record, the Court will grant Rodriguez-Gonzalez` request for a variance.**

**The Court concludes that a sentence in the nature of a 16 offense level, rather than a 21 offense level, is more appropriate. Because of the circumstances of the burglary conviction, the Court concludes that an enhancement of 16 levels for the conviction is too much, and an enhancement of 12 levels is more appropriate. The circumstances of the receipt of stolen items warrant some enhancement, but not an enhancement of 16 levels. An offense level of 16 and a criminal history category of I establish a sentencing guideline range of 21 to 27 months. The Court finds that a sentence of 21 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate deterrence. The sentence also protects the public and otherwise fully reflects each of the factors set forth in 18 U.S.C. § 3553(a). The Court finds that a sentence of 21 months is sufficient, without being greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act. See United States v. Conlan, 500 F.3d at 1169 ("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted).**

☐  The court makes these recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

Defendant: **Luis Omar Rodriguez-Gonzalez**
Case Number: **1:09CR01336-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Luis Omar Rodriguez-Gonzalez**
Case Number: **1:09CR01336-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Luis Omar Rodriguez-Gonzalez**
Case Number: **1:09CR01336-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐　　　The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A　　☒　In full immediately; or

B　　☐　$ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.